ACCEPTED
04-15-00052-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/7/2015 3:26:10 PM
KEITH HOTTLE
CLERK

## CAUSE NO. 04-15-00052-CV

**IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
8/7/2015 3:26:10 PM
KEITH E. HOTTLE
~~Clerk~~

**BILLY C. WHITFIELD AND CAROLYN WHITFIELD**
**Appellants**

**v.**

**CHARLES THOMAS ONDREJ, EDWARD MICHAEL ONDREJ,
ELIZABETH ANN ONDREJ, EVELYN JEAN ONDREJ, HELEN MARIE
ONDREJ, KATHRYN SUE ONDREJ, LORAINE ELLEN ONDREJ, PAUL
ANTHONY ONDREJ, CAROL K. PARIS, AND GENEVIEVE MAHER**
**Appellees**

---

## APPELLANTS' RESPONSE TO APPELLEES' MOTION TO DISMISS

---

JAMES M. "JAMIE" PARKER, JR.
State Bar No. 15488710
Telephone: (210) 731-6364
Facsimile:   (210) 785-2964
Email: jparker@namanhowell.com
WHITNEY S. BROADWATER
State Bar No. 24082733
Telephone: (210) 731-6471
Facsimile:   (210) 785-2919
Email: wbroadwater@namanhowell.com
LARRY D. WARREN
State Bar No. 20888450
Telephone: (210) 731-6350
Facsimile:   (210) 785-2950
Email: lwarren@namanhowell.com
NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas  78216
**ATTORNEYS FOR APPELLANTS**

{03504209.DOCX / }{03504209.DOCX / }                    1

TO THE HONORABLE JUSTICES OF SAID COURT:

NOW COME APPELLANTS, Billy C. Whitfield and Carolyn Whitfield, and file this Response to Appellees' Motion to Dismiss For Lack of Jurisdiction[1] stating as follows:

The notice of appeal filed by Appellants was not premature and the order being appealed is not interlocutory. Contrary to Appellees' claims, the order from which Appellants appeal does resolve Appellees' claims for attorneys's fees, if such claims exist.

Appellees rely on the Texas Supreme Court decision of *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001), for the proposition that an order containing a "Mother Hubbard clause", such as "all relief not expressly granted is denied", cannot be final without specifically addressing each claim in the case. *See* Appellees' Motion to Dismiss, at 2–3. This, however, is not what the supreme court held. Indeed, the supreme court specifically rejected the notion that a trial court's order must state each ground upon which summary judgment was granted. *Lehman*, 39 S.W.3d at 207.

The *Lehman* decision simply states that an order will not be final in cases where causes of action were clearly not before the court on a summary judgment motion *solely* because the order contains a Mother Hubbard clause and in the

---

[1] Appellants are agreeable to Appellees' request for a second extension of time to prepare their responsive brief.

absence of any additional language indicating the trial court's intent that the order be final. *Id.* at ____. In determining whether an order is final for purposes of appeal, the appellate court must look to "the intention of the court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." *Id.* at 203, 205–06 (citation omitted). The record in this case clearly shows that Appellees' moved for summary judgment on all causes of action and that the court intended to dispose of all causes of action by the order. Additionally, the conduct of the Appellees indicates that they also believed the order was final because they did not file anything in the trial court prior to the appeal requesting a ruling on attorneys' fees and they waited nearly six months after the notice of appeal was filed (and nearly two months after Appellants' brief was filed) to complain for the first time about the appeal being premature. The supreme court has advised that "[a]n order must be read in light of the importance of preserving a party's right to appeal." *Id.* at 206.

Appellees' have made only a contingent claim for attorneys' fees. Indeed, Appellees' amended answers in the trial court state:

> ### AFFIRMATIVE DEFENSE—DECLARATORY JUDGMENT ACTION NOT APPLICABLE
>
> Plaintiffs are not entitled to attorney's fees as requested in their Original Petition because the causes of action asserted by Plaintiffs are not a subject matter for relief under the Texas Declaratory Judgment Act in the Texas Civil Practice and Remedies Code.

## ATTORNEY'S FEES

Subject to the foregoing and without waiving same[,] in the event the Texas Declaratory Judgment Act is applicable[,] . . . [a]n award of reasonable and necessary attorney's fees to Defendants would be equitable and just and therefore authorized by §37.009 of the Texas Civil Practice and Remedies Code.

*See* 1 CR 91, 96, 296. Even if Appellees' pled a valid claim for attorney's fees, it is clear the Order signed by the trial court on January 8, 2015 disposes of any such claims. *See* 3 CR 766–767.

This is because it is abundantly clear from Appellees' motions for summary judgment that Appellees' intended, and in fact, moved for summary judgment on all of Plaintiffs' claims, including their declaratory judgment action, and Appellees' alternative claims for attorney's fees. Specifically, Appellees' Motions for summary judgment below state at the outset that "[c]auses of action and relief sought include specific performance of the agreement, reformation of the deed, a declaratory judgment, construction of an allegedly ambiguous contract clause, and attorney's fees." 2 CR 664, 2 CR 490. The Appellees' motions then state that they move for summary judgment on the grounds that "all causes of action" are barred by the statute of limitations. 2 CR 664, 2 CR 490. The Appellees also clearly stated in their motions for summary judgment that "this *case* is ripe for disposition by summary judgment." 2 CR 491, 2 CR 665. Appellees' motions also state "there is no evidence to support each of the essential elements of any of Plaintiffs'

claims." 2 CR 510, 2 CR 685. Moreover, Appellees' requested the court below to "render a final judgment." 2 CR 513, 2 CR 688. Based on the above, there can be no doubt that Appellees' motion for summary judgment put before the trial court and sought to resolve all claims of all parties.

In light of the foregoing, there is no question that the trial court intended to and did make a final order in the case. The Order states that the Appellees' Motions for summary judgment (which were on all causes of action and requested a final rendition) were granted. 3 CR 766–767. It also states that "Plaintiffs take nothing from the Ondrej Heirs and Majer pursuant to their causes of action and claims asserted in this cause of action" and that "Plaintiffs' causes of action and claims asserted in this cause be, and they are hereby, dismissed with prejudice against the refilling of same." *Id.* Finally, the Order states that "All relief not expressly granted herein is hereby denied." *Id.* Appellees' moved for summary judgment on Appellants' declaratory judgment claim and the court granted summary judgment as to all of the claims in Appellees' amended motion and ordered that the Plaintiffs' claims were dismissed. As such, the trial court's order can reasonably be read to deny Plaintiffs' declaratory judgment and deny Appellees' contingent requests for attorney's fees. "A judgment that finally disposes of all remaining parties and claim, based on the record in the case, is final regardless of its language. A judgment that actually disposes of every remaining

issue in a case is not interlocutory merely because it recites that it is partial or refers to only some of the parties or claims." *Lehman*, 39 S.W.3d at 200.

In the unlikely event this Court does not conclude the January 8, 2015 Order was final and appealable, the Appellants respectfully request the appeal be abated and permit the trial court to clarify its intention. *Id.* at 206.

The remainder of Appellees' Motion is irrelevant to the issues of dismissal for prematurity or a second extension of time. Moreover, Appellees' statements regarding the merits of Appellants' appeal is incorrect. Contrary to Appellees' contentions, the recent supreme court opinion in *Cosgrove v. Cade*, 2015 Tex. Lexis 625, 58 Tex. Sup. J. 1432 (Tex. June 26, 2015), does not foreclose Appellants' claims and is distinguishable in numerous respects. Additionally, Appellants have pled ambiguity in the court below and in their opening appellate brief, and this is a claim ignored in Appellees' motion and to which the *Cosgrove* decision does not apply. Therefore, Appellants have viable claims still pending in this court and they will proceed with their nonfrivolous appeal.

## **PRAYER**

For the reasons above, Appellants Billy C. Whitfield and Carolyn Whitfield respectfully request the Court deny Appellees' Motion to Dismiss for Lack of Jurisdiction, and for such other and further relief to which they may be entitled.

Respectfully Submitted,

_/s/ James M. Parker, Jr._
JAMES M. "JAMIE" PARKER, JR.
State Bar No. 15488710
Telephone: (210) 731-6364
Facsimile:   (210) 785-2964
Email: jparker@namanhowell.com
WHITNEY S. BROADWATER
State Bar No. 24082733
Telephone: (210) 731-6471
Facsimile:   (210) 785-2919
Email: wbroadwater@namanhowell.com
LARRY D. WARREN
State Bar No. 20888450
Telephone: (210) 731-6350
Facsimile:   (210) 785-2950
Email: lwarren@namanhowell.com
NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas  78216
**ATTORNEYS FOR APPELLANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Response of Appellants has been served on the following on this _7th_ day of August, 2015:

*Via Facsimile: (210) 622-2808 and email*
Jerry T. Steed
Baucum Steed Baker
1100 N.W. Loop 410, Suite 260
San Antonio, TX 78213
**ATTORNEYS FOR APPELLEES ONDREJ**

*Via Facsimile: (210) 820-0077 and email*
William H. Oliver
Pipkin & Oliver, L.L.P
1020 Northeast Loop 410, Suite 810
San Antonio, TX 78209

**ATTORNEYS FOR APPELLEE GENEVIEVE MAHER**

*Via Facsimile: (210) 804-2339 and email*
Matthew J. Countryman
Lane & Countryman
8526 N. New Braunfels Ave.
San Antonio, TX 78217
**TRIAL ATTORNEYS FOR APPELLANTS**

_/s/ James M. Parker, Jr._

JAMES M. PARKER, JR.